FILED
OCT 1 1 2005
CLERK, U.S. DISTRICT CO
WESTERN DISTRICT OF TEX
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. W'05-680M |
| Plaintiff, | ) | |
| VS. | ) | **INFORMATION** |
| | ) | [COUNT ONE: 18 U.S.C. §13 & T.P.C. |
| DEMETRA R. JONES | ) | §15.01 and §49.045 (Attempted Driving |
| | ) | While Intoxicated with a child passenger) |
| Defendant, | ) | COUNT TWO:18 U.S.C. §13 and T.P.C. § |
| | ) | 49.031(b)  (Open Container in vehicle) |
| | ) | COUNT THREE: 18 U.S.C. § 13 & TPC |
| | | 22.01(a)(3) (Assault)] |

THE UNITED STATES ATTORNEY CHARGES:

## COUNT TWO
(18 U.S.C. §13 and T.P.C. § 49.045)

On or about AUGUST 10, 2005, in the Western District of Texas, the defendant, at Fort Hood Military Reservation, a place within the special maritime and territorial jurisdiction of the United States, the Defendant,

DEMETRA R. JONES

did attempt to drive and operate a motor vehicle in a public place while intoxicated with a passenger under the age of 15 years in violation of Section 49.045 of the Texas Penal Code and Title 18, United States Code, Section 13.

## COUNT TWO
(18 U.S.C. §13 and T.P.C. § 49.031(b))

On or about AUGUST 10, 2005, in the Western District of Texas, the defendant,

A true copy of the original, I certify.
WILLIAM G. PUTNICKI
Clerk, U.S. District Court.
By: _____
                Deputy

Case 2:07-cr-00057-WC   Document 2   Filed 03/26/2007   Page 2 of 12

at Fort Hood Military Reservation, a place within the special maritime and territorial jurisdiction of the United States, the Defendant,

DEMETRA R. JONES

did knowingly possess an open container of an alcoholic beverage in a passenger area of a motor vehicle, in violation of Section 49.031(b) of the Texas Penal Code and Title 18, United States Code, Section 13.

## COUNT THREE
(18 U.S.C. § 13 & TPC 22.01(a)(3))

On or about AUGUST 10, 2005, in the Western District of Texas, on Fort Hood Military Reservation, a place within the special maritime and territorial jurisdiction of the United States, the Defendant,

DEMETRA R. JONES,

did assault by intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive, in violation of Title 18, United States Code, Section 13 and Texas Penal Code Section 22.01(a)(3)

JOHNNY SUTTON
United States Attorney

By: /s/ Karen Shea
KAREN SHEA
Special Assistant U. S. Attorney

AO 245 B (Rev. 06/05)(W.D.TX.) - Judgment in a Criminal Case

**FILED**

UNITED STATES DISTRICT COURT
Western District of Texas
WACO DIVISION

FEB 0 2 2006

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

UNITED STATES OF AMERICA

v.

DEMETRA R. JONES

Defendant.

Case Number   W05-680M
USM Number   NOT PROVIDED

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

The defendant, DEMETRA R. JONES, was represented by Jon Ker.

The defendant pled guilty to Count(s) 1, 2, 3 of the Information on 12/14/05. Accordingly, the defendant is adjudged guilty of such Count(s), involving the following offense(s):

| Title & Section | Nature of Offense | Offense Ended | Count(s) |
|---|---|---|---|
| 18 U.S.C. 13 & Texas Penal Code §15.01 & 49.045 | Attempted Driving While Intoxicated with Child Passenger | 08/10/05 | 1 |
| 18 U.S.C. 13 & Texas Penal Code §49.031(b) | Open Container in Vehicle | 08/10/05 | 2 |
| 18 U.S.C. 13 & Texas Penal Code §22.01(a)(3) | Assault | 08/10/05 | 3 |

As pronounced on 01/25/06, the defendant is sentenced as provided in pages 2 through 5 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant shall notify the Court and United States Attorney of any material change in the defendant's economic circumstances.

Signed this the __30__ day of January, 2006.

_____
JEFFREY C. MANSKE
United States Magistrate Judge

A true copy of the original, I certify.
WILLIAM G. PUTNICKI
Clerk, U. S. District Court.
By: _____
Deputy

AO 245 B (Rev. 06/05)(W.D.TX.) - Probation

Judgment--Page 2

Defendant: DEMETRA R. JONES
Case Number: W05-680M

## PROBATION

The defendant is hereby placed on probation for a term of TWO (2) years to be served CONCURRENTLY with Case No. W05-555M.

While on probation, the defendant shall comply with the mandatory, standard and if applicable, the special conditions that have been adopted by this Court as set forth in pages 3 and 4 of this judgment; and shall comply with the following additional conditions:

__X__  The defendant shall serve a THIRTY (30) day term of confinement to be served CONCURRENTLY with Case No. W05-555M. The defendant is remanded to the custody of the United States Marshal.

__X__  The defendant shall pay for and participate in the DWI Victim Impact Program and shall comply with all rules of the program and as further directed by the probation officer.

__X__  The defendant shall successfully complete a DWI education program, that has been approved by the Texas Commission on Alcohol and Drug Abuse (TCADA), within 180 days of being placed on supervision.

Judgment--Page 3

Defendant: DEMETRA R. JONES
Case Number: W05-680M

## CONDITIONS OF PROBATION

**Mandatory Conditions:**

1) The defendant shall not commit another federal, state, or local crime.

2) The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

3) In supervised release cases only, the defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

4) If convicted of a felony, the defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

5) The defendant shall cooperate in the collection of DNA as directed by the probation officer if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. § 1413a).

6) If convicted of a sexual offense as described in 18 U.S.C. § 4042(c)(4), the defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.

7) If convicted of a domestic violence crime as defined in 18 U.S.C. § 3561(b), the defendant shall participate in an approved program for domestic violence.

8) If the judgment imposes a fine or restitution, it is a condition of supervision that the defendant pay in accordance with the Schedule of Payments sheet of the judgment.

**Standard Conditions:**

1) The defendant shall not leave the judicial district without permission of the court or probation officer.

2) The defendant shall report to the Probation Officer and shall submit a truthful and complete written report within the first five days of each month.

3) The defendant shall answer truthfully all inquires by the Probation Officer and follow the instructions of the Probation Officer.

4) The defendant shall support his or her dependents and meet other family responsibilities.

5) The defendant shall work regularly at a lawful occupation unless excused by the Probation Officer for schooling, training or other acceptable reasons.

6) The defendant shall notify the Probation Officer at least ten days prior to any change in residence or employment.

7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician.

8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the Probation Officer.

10) The defendant shall permit a Probation Officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the Probation Officer.

11) The defendant shall notify the Probation Officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

12) The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the Court.

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245 B (Rev. 05/04)(W.D.TX.) - Probation

Judgment--Page 4

Defendant: DEMETRA R. JONES
Case Number: W05-680M

14) If convicted of a sexual offense as described in 18 U.S.C. § 4042(c)(4), or has a prior conviction of a State or local offense that would have been an offense as described in 18 U.S.C. § 4042 (c)(4) if a circumstance giving rise to Federal jurisdiction had existed, the defendant shall participate in a sex offender treatment program approved by the probation officer. The defendant shall abide by all program rules, requirements and conditions of the sex offender treatment program, including submission to polygraph testing, to determine if the defendant is in compliance with the conditions of release. The defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based on the defendant's ability to pay.

15) The defendant shall submit to an evaluation for substance abuse or dependency treatment as directed by the probation officer, and if deemed necessary by the probation officer, the defendant shall participate in a program approved by the probation officer for treatment of narcotic addiction or drug or alcohol dependency which may include testing and examination to determine if the defendant has reverted to the use of drugs or alcohol. The defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based upon the defendant's ability to pay.

16) The defendant shall submit to an evaluation for mental health counseling as directed by the probation officer, and if deemed necessary by the probation officer, the defendant shall participate in a mental health program approved by the probation officer. The defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based upon the defendant's ability to pay.

17) If the defendant is excluded, deported, or removed upon release from imprisonment, the term of supervised release shall be a non-reporting term of supervised release. The defendant shall not illegally re-enter the United States. If the defendant lawfully re-enters the United States during the term of supervised release, the defendant shall immediately report in person to the nearest U.S. Probation Office.

18) If the judgment imposes other criminal monetary penalties, it is a condition of supervision that the defendant pay such penalties in accordance with the Schedule of Payments sheet of the judgment.

19) If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall provide the probation officer access to any requested financial information.

20) If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the payment schedule.

The Court further adopts such of the following special conditions applied to the supervised person by the judge at the time of sentencing:

1) **COMMUNITY CONFINEMENT:** The defendant shall reside in a Community Corrections Center for a period of _____ months to commence on _____. Further, once employed, the defendant shall pay 25% of his/her weekly gross income for his/her subsistence as long as that amount does not exceed the daily contract rate.

2) **HOME DETENTION:** The defendant shall participate in the Home Confinement Program for a period of _____ days/months. During this time the defendant shall remain at his/her place of residence except for employment and other activities approved in advance by the probation officer. The defendant shall maintain a telephone at his/her place of residence without "call forwarding," a "modem," "caller ID," "call waiting," or portable cordless telephones for the above period. At the direction of the probation officer, the defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer. The court further orders that the defendant shall pay for the costs of Home Confinement, as directed by the probation officer.

3) **COMMUNITY SERVICE:** The defendant shall perform _____ hours of community service work without pay, at a location approved by the probation officer, at a minimum rate of four hours per week, to be completed during the first _____ months of supervision.

Judgment--Page 5

Defendant: DEMETRA R. JONES
Case Number: W05-680M

## CRIMINAL MONETARY PENALTIES/ SCHEDULE

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth. Unless the Court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. Criminal Monetary Penalties, except those payments made through Federal Bureau of Prisons' Inmate Financial Responsibility Program shall be paid through the Clerk, United States District Court, 800 Franklin Avenue, Room 380, Waco, Texas 76701.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

|        | Assessment | Fine    | Restitution |
|--------|------------|---------|-------------|
| TOTAL: | $35.00     | $150.00 | $0          |

### Special Assessment

It is ordered that the defendant shall pay to the United States a special assessment of $35.00. Payment of this sum shall begin immediately.

### Fine

The defendant shall pay a fine of $150.00. Payment of this sum shall begin immediately. This amount is the total of the fines imposed on individual counts, as follows: $50 on count 1, $50 on count 2, $50 on count 3.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column above. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. §3614.

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All payment options may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

CLOSED, CONSENT

# U.S. District Court [LIVE]
# Western District of Texas (Waco)
# CRIMINAL DOCKET FOR CASE #: 6:05-mj-00680-JCM-ALL
# Internal Use Only

Case title: USA v. Jones

Date Filed: 10/11/2005

Assigned to: Judge Jeffrey C. Manske

### Defendant

**Demetra R. Jones** (1)
*TERMINATED: 01/25/2006*

represented by **Jon R. Ker**
Jon R. Ker. P.C.
P. O. Box 1087
Hewitt, TX 76643
(254) 666-1122
Fax: 254/666-0903
Email: attyker@aol.com
*TERMINATED: 01/25/2006*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: CJA Appointment

A true copy of the original, I certify.
WILLIAM G. PUTNICKI
Clerk, U. S. District Court.
By: J. Miles
Deputy

### Pending Counts

18:13-7210.P TRAFFIC OFFENSES, DRUNKEN DRIVING -- Attempted Driving While Intoxicated with a child passenger
(1)

### Disposition

SENTENCED as to Count 1: 2 years Probation to be run concurrently to Case No. W05-555M, $50 Fine, $25 Special Assessment; Counts 2 and 3: $50 Fine per each count, $5 Special Assessment

| | |
|---|---|
| 18:13-9999.P FEDERAL STATUTES, OTHER -- Open Container in Vehicle (2) | per each count<br>SENTENCED as to Count 1: 2 years Probation to be run concurrently to Case No. W05-555M, $50 Fine, $25 Special Assessment; Counts 2 and 3: $50 Fine per each count, $5 Special Assessment per each count |
| 18:13-1600.M ASSAULT, OTHER -- Assault (3) | SENTENCED as to Count 1: 2 years Probation to be run concurrently to Case No. W05-555M, $50 Fine, $25 Special Assessment; Counts 2 and 3: $50 Fine per each count, $5 Special Assessment per each count |

**Highest Offense Level (Opening)**
Misdemeanor

**Terminated Counts**　　　　　　　　　　　**Disposition**
None

**Highest Offense Level (Terminated)**
None

**Complaints**　　　　　　　　　　　**Disposition**
None

**Plaintiff**

| | | |
|---|---|---|
| USA | represented by | **Ft. Hood Special Asst. U.S. Attorney**<br>M.G. Williams Judicial Center<br>BLDG 5794 Tank Destroyer Blvd.<br>Ft. Hood, TX 76544<br>(254) 287-1106<br>Email: ryan.beery@hood.army.mil<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 10/11/2005 | | Case assigned to Judge Jeffrey C. Manske (tj) (Entered: 10/19/2005) |
| 10/11/2005 | 1 | Information filed against Demetra R. Jones (1) count(s) 1, 2, 3 (Pages: 2) (tj) (Entered: 10/19/2005) |
| 10/11/2005 | | Added for USA attorney Karen Shea (tj) (Entered: 10/19/2005) |
| 10/12/2005 | | Summons issued for Demetra R. Jones ; First appearance set for 9:00 11/16/05 for Demetra R. Jones (tj) (Entered: 10/19/2005) |
| 11/16/2005 | 3 | Minutes of proceedings for Initial Appearance conducted on 11/16/05 as to Demetra R. Jones by Judge manske. Court Reporter: ERO (tj) (Entered: 11/22/2005) |
| 11/16/2005 | | Defendant(s) Demetra R. Jones first appearance held; Defendant informed of rights; Defendant released on PR Bond pending arraignment 9:00 12/14/05 (tj) (Entered: 11/22/2005) |

| 11/16/2005 | 4 | Consent to trial by Magistrate by Demetra R. Jones (tj) (Entered: 11/22/2005) |
|---|---|---|
| 11/16/2005 | 5 | Bond filed: PR Bond for Demetra R. Jones (tj) (Entered: 11/22/2005) |
| 11/16/2005 | | Arraignment as to Demetra R. Jones set at 9:00 12/14/05 for Demetra R. Jones (tj) (Entered: 11/22/2005) |
| 11/17/2005 | 2 | Filed CJA Form #20 as to Demetra R. Jones appointing Jon R. Ker (tj) (Entered: 11/17/2005) |
| 12/14/2005 | 6 | Minutes of proceedings for Arraignment conducted on 12/14/05 as to Demetra R. Jones by Judge Manske. Court Reporter: ERO (tj) (Entered: 01/05/2006) |
| 12/14/2005 | | Arraignment as to Demetra R. Jones held; Defendant informed of rights; Defendant pleaded guilty to counts 1-3; Sentencing set for 10:30 1/25/06; Defendant continued in custody pending sentencing (tj) (Entered: 01/05/2006) |
| 12/14/2005 | | Oral Consent to trial by Magistrate by Demetra R. Jones at arraignment (tj) (Entered: 01/05/2006) |
| 12/14/2005 | | Plea of guilty entered by Demetra R. Jones (1) count(s) 1, 2, 3 (tj) (Entered: 01/05/2006) |
| 12/14/2005 | | Guilty plea accepted by the court as to Demetra R. Jones (1) count(s) 1, 2, 3 (tj) (Entered: 01/05/2006) |
| 12/14/2005 | | Referred to Probation for Pre-Sentence Report as to Demetra R. Jones (tj) (Entered: 01/05/2006) |
| 12/27/2005 | | Sentencing as to Demetra R. Jones (1) count(s) 1, 2, 3 set at 10:30 1/25/06 for Demetra R. Jones (tj) (Entered: 01/05/2006) |
| 01/25/2006 | 7 | Minutes of proceedings for Sentencing conducted on 1/25/06 as to Demetra R. Jones by Judge Manske. Court Reporter: ERO (tj) (Entered: 02/03/2006) |

| 01/25/2006 | | Sentencing as to Demetra R. Jones (1) count(s) 1, 2, 3 held; Statement of Defendant and Counsel heard; Demetra R. Jones (1) count(s) 1, 2, 3 SENTENCED as to Count 1: 2 years Probation to be run concurrently to Case No. W05-555M, $50 Fine, $25 Special Assessment; Counts 2 & 3: $50 Fine per each count, $5 Special Assessment per each count (tj) (Entered: 02/06/2006) |
| --- | --- | --- |
| 02/02/2006 | 8 | Judgment and Commitment as to Demetra R. Jones (1) count(s) 1, 2, 3 (Pages: 5) signed by Judge Jeffrey C. Manske (tj) (Entered: 02/06/2006) |
| 03/16/2007 | 9 | Probation/Supervised Release Jurisdiction Transferred to Middle District of Alabama as to Demetra R. Jones Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. (sm3, ) (Entered: 03/21/2007) |